UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL S., <br><br>  Plaintiff, <br><br> v. <br><br> Kilolo KIJAKAZI, <br><br>  Defendant. | Case No.: 3:19-cv-1692-AGS <br><br> **ORDER GRANTING MOTION FOR 42 U.S.C. § 406(b) FEES (ECF 25)** |

Plaintiff's counsel moves for attorney's fees under 42 U.S.C. § 406(b). Counsel requests $15,000.00, offset by "an order to reimburse [plaintiff] the amount of $3,556.03 for EAJA fees previously paid." (ECF 25, at 1.) This request represents nearly 25% of plaintiff's past due benefits, which total approximately $60,350. (*Id.* at 8.) After being served with the motion, plaintiff has not filed any objection. (*See* ECF 25, at 23; ECF 27.)

"Whenever a court renders a judgment favorable to a claimant," "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ." 42 U.S.C. § 406(b). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc). In evaluating an attorney-fee request, courts "must respect the primacy of lawful attorney-client fee arrangements," "looking first to the contingent-fee agreement, then testing for

reasonableness." *Id.* at 1148 (citation omitted). "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Factors the court may consider in evaluating the reasonableness of the attorney-fee award are: "(1) the character of the representation; (2) the results achieved; (3) whether the attorney engaged in dilatory conduct; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases." *Avina v. Saul*, No. 18-CV-1728 W (MSB), 2021 WL 2662309, at *1 (S.D. Cal. June 29, 2021).

Plaintiff assented in her contingency agreement to a fee of "25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision." (ECF 25-1, at 1.) This bargained-for percentage is presumptively valid and may be reduced only if warranted by the character and results of the representation. *See Gisbrecht*, 535 U.S. at 807–08. Here, counsel invested his resources on contingency, fully litigated cross-motions for summary judgment, and achieved remand for his client. (*See* ECF 13, 18, 19.) On remand, plaintiff secured a "partially favorable" decision. That is, plaintiff prevailed on her disability-benefits claim, but her disability date was set in February 2019 rather than her asserted date of May 2016. (*See* ECF 25-2, at 1, 5–6.) Even so, she was granted substantial past-due disability benefits of over $60,000.[1] (ECF 25, at 8.) There is no evidence of dilatory conduct or undue delay. Indeed, counsel expended only 18.2 hours to achieve these results. (*See id.* at 6.) The court in *Patterson v. Apfel* surveyed similar actions and found the average time expended to be more than thirty hours. 99 F. Supp. 2d 1212, 1214 n.2 (C.D. Cal. 2000).

---

[1] As counsel notes, the Notice of Award omits plaintiff's total past-due benefits, but it states that $15,087.28 was withheld to cover potential attorney fees of 25%. (ECF 25, at 8; ECF 25-3, at 2.) By extrapolation, her total benefits are thus $60,349.12.

Counsel appears to have been so efficient, in fact, that the resulting effective hourly rate of $979.05[2] may appear high. Yet given the substantial results achieved, this figure is not outlandish compared to fees that courts have approved. *See Sproul v. Astrue*, No. 11-CV-1000-IEG DHB, 2013 WL 394056, at *2 (S.D. Cal. Jan. 30, 2013) (finding the "seemingly exorbitant de facto hourly rate of just under $800 per hour" reasonable and "but a by-product of counsel's efficiency in prosecuting the case"); *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (collecting cases, twenty years ago, that approved fees between roughly $200 and $700 an hour); *Palos v. Colvin*, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. 2016) (finding an effective hourly rate of $1,546.39 reasonable for an attorney-fee award of $15,000 in a similar case).

When a valid attorney-client fee arrangement exists, the fee statute is not meant to displace that agreement, but to act as a check on the reasonableness of fees. *See Gisbrecht*, 535 U.S. at 793. And in the time since *Gisbrecht*, "district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may exceed those for non[-]contingency-fee arrangements." *Hearn*, 262 F. Supp. 2d at 1037. Given the substantial results counsel achieved here—after fully litigating cross-motions for summary judgment—and the lack of any opposition to this fee motion, the Court sees no ground for penalizing plaintiff's counsel for his efficiency.

Counsel's request for fees under 42 U.S.C. § 406(b) is **GRANTED**. Counsel is entitled to $15,000.00 out of plaintiff's past-due benefits. Counsel must reimburse plaintiff the $3,556.03 EAJA fees already paid. (*See* ECF 23); *see also Gisbrecht*, 535 U.S. at 796

---

[2] Of the 18.2 hours, 3.4 were expended by paralegals, reasonably billed at $150 per hour. Subtracting the $510 in paralegal billing from $15,000 leaves $14,490; and $14,490 divided by the 14.8 attorney hours yields an effective hourly rate of $979.05. (*See* ECF 25, at 9–10.)

(noting that, when section 406(b) fees are awarded, "the claimant's attorney must refund to the claimant the amount of the smaller [EAJA] fee").

Dated: January 5, 2023

_____
Hon. Andrew G. Schopler
United States Magistrate Judge